## 32365. ADAIR v. ADAIR.

BOWLES, Justice.

This appeal is from an order of the trial court, denying a motion to set aside a judgment which incorporated an amended agreement between the parties into a final judgment and decree already in effect. The appellant complains that the judgment contained a nonamendable defect on its face, in that it was entered before the last day upon which defensive pleadings were required to be filed, and this was a violation of Code Ann. § 81A-140 (b).

Code Ann. § 81A-140 (b) provides that judges of courts of record may, upon notice to the parties, hear and determine by final order any matter where a jury trial is not required or has been waived, "provided, however, nothing herein shall authorize the trial of any divorce case by consent or otherwise until after the last day upon which defensive pleadings were required by law to be filed therein." The appellant contends that his is a divorce case, and the judge was bound by these provisions of the Code section governing divorces. We do not agree.

The appellee wife filed a petition on June 3, 1976,

asking the Superior Court of Fulton County to change the custody provisions of a divorce decree dated July 15, 1974. She based her action on change of circumstances. The appellant husband was served with the petition, and submitted himself to the jurisdiction of the court by means of an acknowledgment of service filed with the court on June 4, 1976. A date for hearing was set for July 14, 1976. Before the case came on to be heard, the parties entered into an agreement to change the custody provisions of their earlier decree, and in essential part, gave to the wife the custody of the parties' minor child under the terms she had requested in her petition to modify. This agreement, signed by both parties, was submitted to the trial court on June 17, 1976.

The trial court, having jurisdiction of both the parties, considered this amended agreement in light of the earlier petition for modification and on June 21, 1976 ordered that it be incorporated into the July 15, 1974 decree. On December 3, 1976, the appellant filed an application for contempt and motion to set aside the final order, contending that on its face it contained a non-amendable defect. After a hearing, the motion to set aside was denied on February 4, 1977. We affirm.

The June 21, 1976 order was a valid one under Code Ann. § 81A-140 (b). The case before the court was one for modification of custody, and not a divorce case as the appellant contends. Both parties had notice of the pending action and both parties had filed signed pleadings and "An Amended Separation Agreement" with the court. Neither party contended that there were issues to be resolved by a jury.

Under the circumstances of this case, we find that the trial judge was authorized to issue a final order of modification at any time after the agreement had been submitted to him, and for this reason, no nonamendable defect appeared on the face of the judgment. It was not error to deny the appellant's motion to set aside. We, therefore, affirm the order of the Fulton County Superior Court entered on February 4, 1977.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 3, 1977 — DECIDED SEPTEMBER 7, 1977.

*Frederick J. Kraus,* for appellant.